IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.   23-1704 |
| ) | |
| ) | |
| $81,340.00 IN UNITED STATES CURRENCY, ) | |
| $10,650.00 IN UNITED STATES CURRENCY, ) | |
| $5,000.00 IN UNITED STATES CURRENCY,  ) | |
| $1,225.00 IN UNITED STATES CURRENCY,  ) | |
| ) | |
| Defendants. ) | |

VERIFIED COMPLAINT FOR FORFEITURE

AND NOW comes the United States of America, by and through its counsel, Eric G. Olshan, Acting United States Attorney for the Western District of Pennsylvania, and Jill L. Locnikar, Assistant United States Attorney for the Western District, and respectfully represents as follows:

1. Plaintiff, the United States of America, brings this civil action *in rem* for forfeiture to the United States of the following property, further described at asset identification numbers 23-DEA-700505, 23-DEA-700509, 23-DEA-700506, and 23-DEA-700504, (the "Defendant Property"), pursuant to 21 U.S.C. § 881(a)(6):

   a. $81,340.00 in United States currency,

   b. $10,650.00 in United States currency,

   c. $5,000.00 in United States currency, and

   d. $1,225.00 in United States currency.

2. Jurisdiction is predicated upon 28 U.S.C. § 1345 and § 1355(a).   Venue is proper under 28 U.S.C. § 1395 and § 1355(b).

3. On February 25, 2023, pursuant to a state search warrant, the Pittsburgh Bureau of Police ("PBP") and task force officers of the Drug Enforcement Agency (the "DEA") seized the Defendant Property from David Perl ("Perl").   Within Perl's residence, the Defendant Property was found in a bedroom closet safe, a TV stand in the bedroom, and a wallet on the dining room table. The Defendant Property has remained in the Western District of Pennsylvania in the custody of the United States Marshals Service.

4. Subsequent to the seizure, the DEA instituted administrative forfeiture proceedings against the Defendant Property.   Perl and his wife, Amy Ferraro ("Ferraro"), filed a joint claim to the Defendant Property as part of the administrative proceedings.   As a result, the United States has instituted this civil forfeiture action against the Defendant Property.

5. On the morning of February 25, 2023, PBP responded to a call from Amy Ferraro's employer who could not reach her and requested a check on her welfare.   When PBP reported to Ferraro's residence on Robinson Boulevard, Pittsburgh, Perl admitted the officers and said he did not know where his wife was and that she had left following an argument with him.   The officers conducted a walk-through of the residence to ensure Ferraro was not injured or in distress.

6. During the walk-through of a second floor front bedroom, officers observed marijuana cabinets containing marijuana plants in various stages of growth.   Officers also observed drug paraphernalia throughout the residence and a large bin containing marijuana and a shotgun in a second bedroom closet.

7. As a result of their observations, the officers requested a search warrant, and DEA was summoned to the scene.   DEA task force officers seized the following items along with the Defendant Property:   a black Weightman B200 scale, packaging paraphernalia, shipping indicia

for Perl referencing a Wilmerding, Pennsylvania address, three jars of marijuana, two glass test tubes, Sour Marg Woods Reserve seeds, a small plastic bag of seeds, a fully equipped, black, Marshydro grow tent with two large potted marijuana plants inside, a fully equipped, black, VivoSun grow tent with four potted marijuana plants inside, one potted marijuana plant in the closet, a green bamboo cover notebook with grow operation notes on a small table, a ledger stating marijuana prices, and several firearms and cell phones.

8. Perl was read his rights and consented to be interviewed. The DEA and PBP are conducting a criminal investigation (the "Investigation") of Perl for illegal sale of marijuana.

9. During his interview, Perl told the officers that he had a medical marijuana card and that he had started growing his own marijuana because of the high cost of marijuana sold at dispensaries. When questioned about the large amount of cash in his house, Perl stated that he kept over $100,000.00 in cash in his house because he did not trust banks and that the money came from his trust account and his wife's tip money at Eat 'n Park restaurant. Officers later found a PNC Bank statement for an account registered to Perl and Ferraro, which showed a balance of $120,956.20. Perl's explanation of the bank account was that he had recently begun to trust banks. Perl also told officers he is unable to work due to a disability.

10. As part of his administrative claim, Perl submitted proof of a trust established for his benefit and an accounting of its disbursements. However, given Perl's limited additional income, the monthly disbursements are not indicative of saving more than $200,000.00, which is the sum of the Defendant Property and the PNC account.

11. The Investigation shows probable cause that the Defendant Property represents proceeds generated from the illegal distribution of marijuana in violation of 21 U.S.C. § 841.

12. By reason of the foregoing, the Defendant Property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America respectfully requests that Judgment of Forfeiture be entered in favor of the United States for the Defendant Property; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this Action.

    ERIC G. OLSHAN
United States Attorney

*/s/ Jill L. Locnikar*
JILL L. LOCNIKAR
Assistant U.S. Attorney
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7429
(412) 644-6995 (fax)
jill.locnikar@usdoj.gov
PA ID No. 85892 (AFF)

## VERIFICATION

I am a Task Force Officer of the Drug Enforcement Administration, Department of Justice, and a case agent assigned to this case.

I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of September, 2023.

LOUIS R. SCHWEITZER,
Task Force Officer
Drug Enforcement Administration